Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7215 | **DATE** | 3/22/2001 |
| **CASE TITLE** | FRED J. JURISEK vs. IRIS BROOKS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: we find that the relevant factors in determining whether abstention is appropriate heavily favor abstention. However, under these facts, the appropriate remedy is to stay the proceedings, not dismiss them. See LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1559 (7th Cir. 1989). As a result, Brooks' motion to dismiss is denied. These proceedings are stayed pending the outcome of the state court litigation.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | MAR 2 2 2001 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | MAR 2 3 2001 | | |
| TBK | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED J. JURISEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 7215 |
| | ) | Paul E. Plunkett, Senior Judge |
| IRIS BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

RECEIVED

MAR 2 8 2001

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Iris Brooks' (Brooks) motion to dismiss plaintiff Fred J. Jurisek's (Jurisek) complaint on the grounds that this court lacks jurisdiction over the parties. For the reasons stated herein, Jurisek's motion to dismiss is denied. However, the proceedings are stayed pending the outcome of the state court proceedings.

## Facts

On November 17, 1998, Jurisek's and Brooks' cars collided in Downers Grove, Illinois. On October 30, 2000, Gerry Brumfield (Brumfield), a passenger in Brook's car, filed suit against Jurisek and Brooks in the Circuit Court of Cook County. Thereafter, on October 31, 2000, Brooks filed a separate suit against Jurisek in the Circuit Court of Cook County. Those cases have been consolidated. Jurisek filed this action in federal court on November 15, 2000. We have jurisdiction pursuant to 28 U.S.C. § 1332.

-1-

## Discussion

Brook's motion to dismiss for lack of jurisdiction is premised on the Supreme Court's decision in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976). The <u>Colorado River</u> abstention doctrine permits a district court to dismiss or stay an action when there is an ongoing parallel action in state court. <u>LaDuke v. Burlington N. R.R Co.</u>, 879 F.2d 1556, 1559 (7th Cir. 1989). A suit is "parallel" when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. <u>Interstate Material Corp. v. City of Chicago</u>, 847 F.2d 1285, 1288 (7th Cir. 1988).

We find, and both parties agree, that Brooks' state suit and Jurisek's federal suit are "parallel." (<u>See</u> Brook's Resp. at 4 <u>and</u> Jurisek's Reply at ¶ 7.) Brooks and Jurisek are the only parties in both cases and the same issue, i.e., who is at fault for the injuries, will be litigated.

In <u>Lumen Constr. Inc. v. Brant Constr. Co., Inc.</u>, 780 F.2d 691, 694-95 (7th Cir. 1985), the Seventh Circuit held that in deciding whether to abstain from a parallel suit, a district court must consider such factors as: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; (3) the order in which jurisdiction was obtained by the concurrent forums; (4) the source of governing law, state or federal; (5) the adequacy of the state court action to protect the federal plaintiff's rights; (6) the relative progress of the state and federal proceedings; and (7) the vexatious or contrived nature of the federal suit. <u>See also</u> <u>Harris Trust & Savings Bank v. Olsen</u>, 745 F.Supp. 503, 506 (N.D. Ill. 1990). No one factor is determinative and the weight given any one factor may vary greatly from case to case, depending on the particular setting of the case. <u>Id.</u> The reason for such deferral is to prevent duplication of judicial effort in two separate court systems and to confine the litigation to the forum able to make the most comprehensive disposition. <u>Calvert Fire Insurance</u>

Co. v. American Mut. Reins. Co., 600 F.2d 1228, 1233 (7th Cir. 1979). With the exception of the sixth factor, we find that all other factors favor abstention.

The first factor is the convenience of the federal forum. Jurisek argues that the federal forum is convenient because he resides in this district and Brooks resides in Milwaukee; the accident occurred in this district; a number of witnesses reside in this district; and Jurisek received medical treatment in this district for the injuries he sustained. (Jurisek's Resp. at 5.) Brooks argues that the federal forum is inconvenient because if we fail to abstain the parties will necessarily be litigating in both state and federal court. We agree with Brooks. In either forum, the liability between Brooks and Jurisek will be determined. However, only in the state forum will Brooks' and Jurisek's liability as to Brumfield be determined. Therefore, because Brumfield's suit against Brooks and Jurisek will continue in state court regardless of whether we abstain, the federal forum is inconvenient.

The second factor is the desirability of avoiding piecemeal litigation. Jurisek argues that proceeding with his federal complaint will avoid piecemeal litigation because Illinois has no compulsory counterclaim, while federal court does. Therefore, Jurisek contends, as an Illinois defendant, he is not required to file his counterclaim against Brooks, while Brooks, as a federal defendant, would be required to file his counterclaim against Jurisek. This argument is unpersuasive. Jurisek may be correct on his summation of Illinois and federal procedure pertaining to counterclaims. However, his conclusion that allowing his federal suit will avoid piecemeal litigation is wrong. His conclusion presupposes that Brooks will drop his suit in state court. Just because Brooks would be required to file his counterclaim under federal civil procedure does not mean that he has to abandon his state suit against Jurisek. In other words, if we allow Jurisek's federal suit to continue, we would essentially have a race to res judicata. Only by abstaining will we avoid piecemeal litigation because all of the interested parties will be in one forum.

-3-

The third factor is the order jurisdiction was obtained. Brooks' action was commenced on October 31, 2000, and Jurisek's suit was filed on November 15, 2000. Jurisek argues that "[a]lthough the "race to the courthouse" in the instant case ended essentially in a tie, the issue of who "won" the race is not determinative." (Jurisek's Resp. at 5.) We agree with Jurisek that who "won" the race is not the determining factor, especially considering the cases were filed only two weeks apart. Nonetheless, it is a determining factor. However, we disagree with Jurisek that Brooks "race[d] to the courthouse" to set the venue. The automobile accident occurred on November 17, 1998. Brooks brought suit on October 31, 2000, which is almost two years later. If there was any "race to the courthouse" in this case, it was Jurisek's 'race to the courthouse" to file within the two year statute of limitations, which had only two days left.

The fourth factor is the source of governing law. This is a diversity suit and Illinois law applies. Therefore, the fourth factor favors abstention.

The fifth factor is whether the state court action will adequately protect the rights of the federal plaintiff, i.e., Jurisek. The facts of this case are atypical. In a typical case, an out of state party files suit in federal court to avoid being "homered" in state court. Ironically, Jurisek, a resident of Illinois, is seeking the "neutral" federal forum, while Brooks, a resident of Wisconsin, has filed suit in the Circuit Court of Cook County. It can hardly be argued by Jurisek, an Illinois resident, that his rights would be prejudiced by being forced to adjudicate his claim in an Illinois court. Nevertheless, Jurisek is arguing that he would be prejudiced because he is old and he needs to have the issues arising out of the automobile accident resolved quickly. We have found no case law, and Jurisek has cited none, for the proposition that a party's claim of prejudice for purposes of abstention can be premised on the expediency of one court over another. Jurisek contends that state court proceedings would be lengthy because Brooks has filed a claim in excess of $30,000 and, therefore, Brooks' claim must first proceed

through non-binding arbitration. (See Jurisek's Resp. at 7 citing 735 ILL. COMP. STAT. 5/2-1001A;

Ill. S. Crt. Rule 86(b); Rules of the Circuit Court of Cook County, Rule 18.3(b).) At best, Jurisek's

argument that the issues arising out of the automobile accident will be resolved more quickly in federal

court is highly speculative. For all we know, Brumfield has made claims in excess of $30,000. If this

were true, then Brumfield's claims against Brooks and Jurisek must first proceed through non-binding

arbitration. Therefore, the issues surrounding the automobile accident would not be resolved any faster

by allowing Jurisek to proceed with his federal suit.

Jurisek also has concerns about preservation of testimony: "federal civil procedure provides

that all depositions taken are evidence depositions. These procedures will enable this case to move

very quickly and the federal Plaintiff to preserve oral testimony." (Jurisek's Resp. at 7.) Jurisek's

argument is unpersuasive. It is true that unlike federal civil procedure Illinois civil procedure provides

for both discovery and evidence depositions, and only testimony from an evidence deposition may be

used at trial. See Ill. S. Crt. Rules 202, 212. However, if Jurisek were to proceed in an Illinois court,

there is nothing preventing him from utilizing evidence depositions: "Any party may take the

testimony of any party or other person by deposition upon oral examination or written questions for

the purpose of discovery or for use as evidence in the action." Id. at Rule 202. Therefore, Jurisek's

concerns that he would be prejudiced by our abstention are unfounded.

The sixth factor is the relative progress of the state and federal proceedings. Because the state

and federal suits were filed only two weeks apart, and because they were filed only four months ago,

neither the state nor federal proceedings have progressed very far. Therefore, the sixth factor favors

neither party.

Finally, the seventh factor is the vexatious or contrived nature of the federal claim. Jurisek

argues that his federal claim was not filed in a vexatious or contrived nature because "Illinois' non-

compulsory counterclaim rule gave him every right to file his claim in federal court." (Jurisek's Resp. at 7.) In other words, Jurisek's argument is that if he had a procedural right to file, then we must conclude that his suit was filed with the best of intentions. We disagree. To accept Jurisek's conclusion would mean that a court could never find that a suit was filed in a vexatious or contrived nature if the party had a right to file it. Although we do not find Jurisek's filing of this suit vexatious, we do find it questionable. If Jurisek's concerns for a federal forum were true, then he could have simply sought removal of Brooks' lawsuit from state to federal court. Instead, he chose to institute his own cause of action against Brooks, with the end result being parallel proceedings in state and federal court and a race to res judicata.

### Conclusion

In sum, we find that the relevant factors in determining whether abstention is appropriate heavily favor abstention. However, under these facts, the appropriate remedy is to stay the proceedings, not dismiss them. See LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1559 (7th Cir. 1989). As a result, Brooks' motion to dismiss is denied. These proceedings are stayed pending the outcome of the state court litigation.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 3-22-01

-6-